(Reap. Dec. 10892)

FRANK P. DOW CO., INC. *v.* UNITED STATES

Entry Nos. 2465 ; 6195.

(Decided February 2, 1965)

*Tompkins & Tompkins* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

RAO, Judge : The appeals for reappraisement listed above have been submitted for decision upon the following stipulation :

It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant, that the automobiles specified on the invoices accompanying the entries covered by the above reappraisement appeals, that were appraised at $1,469.00 each, net, packed (Canadian dollars) consist of automobiles manufactured in England, and imported into the United States from Canada.

That there was no "foreign value," or "export value," or "United States value," as defined in Sections 402(c), (d), and (e) of the Tariff Act of 1930, as amended, for the automobiles under appeal at the time of exportation thereof.

That in determining the "cost of production" value as defined in Section 402(f) of said Act, the Appraiser included in his above value of $1,469 each, net, a cost of $93.18 or $93.82 or $90.73 Canadian dollars (as shown on the invoices) representing a Canadian excise tax, as well as a cost of $139.77, or $140.72, or $136.02 (as shown on the invoices) representing a Canadian sales tax. That said Canadian excise taxes and sales taxes were paid to the Canadian government prior to exportation to the United States, but they were refunded after exportation, under the same circumstances and conditions involved in the cases of *John V. Carr & Son, Inc.* v. *United States*, Reap. Dec. 10442, and *Inter-Maritime Forwarding Co., Inc.* v. *United States*, Reap. Dec. 10666, and that the record in said *John V. Carr & Son, Inc.* case and in said *Inter-Maritime Forwarding Co., Inc.* case may be incorporated as a part of the record in these cases.

Plaintiff limits its appeals to the claim that said excise taxes of $93.18, or $93.82, or $90.73, and the said sales taxes of $139.77, or $140.72, or $136.02 should not be included as a part of the cost of production dutiable value.

The appeals set forth above are submitted for decision upon this stipulation.

Upon the agreed facts and the records in the cited cases, which are incorporated herein, I find cost of production, as that value is defined in section 402(f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the automobiles covered by these appeals for reappraisement and appraised at a value of $1,469 each, net, packed (Canadian dollars), and that such value is the appraised value of $1,469 each, net, packed (Canadian dollars), less $93.18, or $93.82, or $90.73 (Canadian), as shown on the invoices, representing

a Canadian excise tax, less $139.77, or $140.72, or $136.02 (Canadian), as shown on the invoices, representing a Canadian sales tax.

Judgment will be entered accordingly.